NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3119
_____

UNITED STATES OF AMERICA

v.

CAMERON L. JACKSON,
                              Appellant
_____

On Appeal from the United States District Court
for the  Middle District of Pennsylvania
District Court  No. 3-11-cr-00211-001
District Judge: The Honorable Edwin M. Kosik

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 6, 2014

Before: SMITH, SHWARTZ and SCIRICA, *Circuit Judges*

(Filed: January 15, 2014)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Cameron Jackson pleaded guilty in the United States District Court for the

Middle District of Pennsylvania to a one count indictment charging him with

possession of cocaine base with intent to distribute in violation of 21 U.S.C.

§ 841(a)(1). The presentence report determined that Jackson was a career offender under U.S.S.G. § 4B1.1. As a result, the offense level and criminal history category were enhanced to 29 and VI, respectively, yielding a guideline range of 151 to 188 months. Although Jackson initially challenged the career offender assessment, his counsel subsequently conceded at the sentencing hearing that the determination was consistent with this court's decision in *United States v. Stinson*, 592 F.3d 460 (3d Cir. 2010). The District Court rejected Jackson's argument that the guideline range of 151 to 188 months overrepresented the seriousness of his criminal history. After hearing defense counsel's argument for a downward variance and Jackson's allocution, the District Court concluded that there was no basis for a downward variance from the advisory guideline range and sentenced Jackson to, *inter alia*, 151 months of imprisonment. This timely appeal followed.[1]

Jackson contends that his sentence is procedurally unreasonable. In his view, the District Court erred by failing to properly calculate the sentencing guideline range and by failing to meaningfully consider the sentencing factors set forth in 18 U.S.C. § 3553(a). We review a sentence for procedural reasonableness, applying an abuse of discretion standard to both inquiries. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise

have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

We reject Jackson's contention that the District Court failed to properly calculate the sentencing guideline range. The applicability of the career offender enhancement was a central issue and the determination that the enhancement applied established the sentencing range. Neither party questioned the range. Indeed, Jackson's argument does not identify any specific miscalculation of the guideline range.

Nor are we persuaded that the District Court failed to meaningfully consider the sentencing factors in 18 U.S.C. § 3553(a). The Court's explanation for rejecting Jackson's argument that his criminal history overrepresented the seriousness of his criminal history and for denying a downward variance addressed several of the § 3553(a) sentencing factors. In our view, the record demonstrates that the District Court fully considered the factors bearing on Jackson's sentence.

Accordingly, we will affirm the judgment of the District Court.

---

appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).